April 3, 1911.

————o————

5235.

(Court of Appeal, Parish of Orleans).

## GAIENNIE COMPANY, LIMITED vs. A. L. PATTERSON & COMPANY, (Inc).

Corporations, like individuals, may estop themselves by remaining silent when they should have spoken, and where a corporation has knowledge that one of its employees has made a contract on its behalf, and yet remains silent until the other party has performed his part thereof, it will be estopped from afterwards denying the authority of such employee to the prejudice of the other party.

Appeal from the Civil District Court, Division "D."

Buck, Walsh & Buck, for plaintiff and appellee.

John May, for defendant and appellant.

ST. PAUL, J.—Plaintiff seeks to recover the price of materials furnished, and work done under an alleged contract with defendant.

The latter denies that the contract was made in its name or for its account, and in the alternative sets up the want of authority in the person making the contract to do so in its behalf.

On the question whether or not the contract was made in the name and for the account of defendant there is a conflict of evidence. The preponderance of oral testimony, however, is with plaintiff, and surrounding circumstances lend such corroboration thereto, as leaves but little room to doubt that the contract was entered into as claimed by plaintiff. The district judge, who heard and saw the witnesses, found that the contract had been established, and in that finding we concur.

The evidence tends to show, however, that the person who made the contract on behalf of the defendant was without authority to do so in its behalf; but it also shows that, which in our opinion, estops the defendant from denying his authority.

For the evidence shows that the contract was made by one who was in the employ of defendant and put in charge of the work by defendant's president. It is true that defendant had no interest in the work, and that its employee was nominally a stock-holder and vice-president of the concern which was to be the beneficiary of the work, and in which the defendant's president was individually interested; but it is also true that said employee had no real interest in the concern and that his salary was paid exclusively by defendant to whom his time belonged. It was, therefore, only in the capacity of defendant's employee that defendant's president had the right to control and direct his services; and the work which he was sent to do was not wholly foreign to the character of work in which defendant was engaged.

It is further shown that defendant was well known, and had a large credit, whilst the other concern was just starting, was wholly unknown and never mentioned in the negotiations; that plaintiff addressed several written communications to defendant, at its office, two of which submitted bids for part of the work, and the third confirmed the contract for another part thereof; all showing on their face that the work was about to be undertaken for account of defendant. That these communications were received at defendant's office and opened by some one having authority to open defendant's mail; and that the contracts were accepted by the aforesaid employee without the slightest mention on the part of any one that the work was not for account of defendant.

We, therefore, have one of defendant's employees, sent by its president to do the work; that employee contracting for the work in defendant's name, and notice given to defendant at its office that the work had been contracted for in its behalf. But not a word of repudiation or protest came from defendant until the work had been finished, and the venture had proven a failure.

We think that corporations, as well as individuals, may estop themselves when they should have spoken; and in the case at bar, when it came to defendant's knowledge that one of its employees was making contracts in its name, it was its plain duty to notify plaintiff of the want of authority in its employee to make such contract. Having failed to do so until the work was finished, it is now estopped from denying that authority to the prejudice of plaintiff.

The judgment appealed from appears to us correct and it is, therefore, affirmed.

April 3, 1911.

Rehearing refused May 1, 1911.